Filed 8/28/20  P. v. Davila CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT DAVILA,<br><br>        Defendant and Appellant. | B298856<br><br>(Los Angeles County<br>Super. Ct. No. KA090972) |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Affirmed.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant and appellant Gilbert Davila was convicted of two counts of attempted premeditated murder. His conviction was affirmed on direct appeal. Seven years later, he filed a petition for resentencing under newly-enacted Penal Code section 1170.95.[1] The trial court summarily denied the petition on the basis that section 1170.95 provides relief only for defendants convicted of murder, not attempted murder. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Underlying Facts*[2]

The attempted murders in this case were an act of gang retaliation against a gang associate who was perceived to have failed to do his duty for the gang.

When El Monte Flores gang member Gilbert Lopez and gang associate Jonathan Temores[3] were in gang territory, someone seriously assaulted Lopez, who ultimately died of his injuries. Jonathan had not come to Lopez's aid, a fact which, according to gang culture, required punishment.

Three El Monte Flores gang members – defendant and his two codefendants, Saul Gutierrez and Miguel Suarez – went to

---

[1] All undesignated statutory references are to the Penal Code.

[2] Our discussion of the facts is taken from the opinion in defendant's appeal from his conviction. (*People v. Davila* (May 3, 2013, B239117) [nonpub. opn.] [2013 WL 1874740].) We granted defendant's request for judicial notice of that opinion.

[3] Defendants ultimately assaulted two of Jonathan Temores's family members, each of whom shared his last name. For this reason, we refer to the Temores family members by their first names alone.

Jonathan's apartment to discipline him. They knocked on the door, asking for Jonathan by name. He was not home; his brother Jose answered the door. The three defendants assaulted Jose with their fists and a knife. Jonathan and Jose's uncle Felix came to Jose's aid; the three defendants assaulted him as well. Eventually Jose and Felix crawled back into the apartment and, with the help of other family members, closed the door on the three assailants. Jose and Felix both suffered multiple stab wounds which required hospitalization. The evidence indicated that defendant and codefendant Gutierrez had assaulted Jose while codefendant Suarez had assaulted Felix. Both Jose and another family member who had been in the apartment knew defendant from before the attack and identified him. Jose specifically identified defendant as having stabbed him.

Defendant and his codefendants were charged by information with two counts of attempted premeditated murder (§§ 664/187), and tried together. As to defendant, multiple sentencing enhancements were originally alleged. The court struck several, and the following enhancement allegations were submitted to the jury: that defendant personally inflicted great bodily injury on victim Jose (§ 12022.7, subd. (a)); and that defendant committed both attempted murders for the benefit of a gang (§ 186.22, subd. (b)(1)(C)). The jury found defendant guilty of both counts, and the enhancement allegations true. Defendant was sentenced to prison for 33 years to life, calculated as two consecutive terms of 15 years to life for the two attempted premeditated murders, plus an additional 3 years for the great bodily injury enhancement.

3

## 2.    *Defendant's Appeal*

On appeal, defendant's conviction was affirmed, although there was a slight modification of his presentence credits. Defendant argued there was insufficient evidence to support his conviction; we rejected the argument, noting that he was guilty both as a direct perpetrator as to Jose and as an aider and abettor under the natural and probable consequences doctrine as to Felix.  (*People v. Davila, supra*, B239117 [2013 WL 1874740, *5-*6].)

## 3.    *Defendant's Resentencing Petition*

In 2018, the Legislature adopted Senate Bill No. (SB) 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) which, among other things, "significantly restricted potential aider and abettor liability, as well as coconspirator liability, for murder under the natural and probable consequences doctrine." (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103, review granted Nov. 13, 2019, S258175.)  In addition, SB 1437 enacted a new statutory procedure, codified in section 1170.95, by which a defendant convicted of murder under the natural and probable consequences doctrine could seek resentencing under the new, narrower version of the law.

On March 8, 2019, defendant, without assistance of counsel, filed a petition for resentencing under newly-enacted section 1170.95.  He used a form petition which had been created for defendants who were convicted of murder and believed they were entitled to relief under section 1170.95.  Because defendant was not convicted of murder, but instead of attempted murder, he interlineated "attempted" at one point in the petition.  In other places, he simply checked the boxes asserting, incorrectly, that he

4

had been convicted of murder. He requested the assistance of counsel.

On April 24, 2019, without a hearing or appointment of counsel, the trial court summarily denied defendant's petition on two bases: (1) that defendant was ineligible for relief as he had been convicted of attempted murder, not murder; and (2) that SB 1437 was unconstitutional. Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends his petition should have not been summarily denied. He argues: (1) SB 1437 should be extended to attempted murder; (2) the court should not have denied the petition without appointment of counsel; and (3) SB 1437 is constitutional. The Attorney General concedes that SB 1437 is constitutional,[4] but disagrees with defendant's remaining arguments.

1. ***Section 1170.95 Does Not Apply To Defendants Convicted of Attempted Murder***

SB 1437 " ' "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)' [Citation.]" (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1173, review granted June 24, 2020, S262011.) A defendant who has previously been convicted of murder, but would no longer be subject to murder liability under

---

[4] The concession is appropriate. (See, e.g., *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.)

5

the law as amended by SB 1437, may seek resentencing pursuant to the procedure established by section 1170.95. If the defendant prevails, and had been charged with murder "generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (e).)

As to eligibility, section 1170.95 provides, in pertinent part: "(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

Once a petition is filed, there follows a multi-step process by which the court determines whether the petition is facially sufficient, and, if so, whether the petitioner has made a prima facie showing that he falls within the provisions of statutory eligibility. (*People v. Torres, supra*, 46 Cal.App.5th at p. 1177.) If the court determines the petitioner is ineligible for relief as a matter of law, the petition is denied; if not, the court proceeds to the next step. (*Id.* at p. 1178.) Here, the trial court denied the

6

petition on the basis that defendant was ineligible as a matter of law, because he was not convicted of murder. Defendant does not dispute he was convicted of attempted murder.

The trial court's order was indisputably correct. Our research has disclosed seven published opinions that address whether SB 1437 and section 1170.95 apply to attempted murder. Although there is a disagreement as to whether some of SB 1437's substantive changes to the law of felony murder and natural and probable consequences apply to attempted murder convictions in cases still on direct appeal, all the authorities agree that the remedy provided by section 1170.95 is not available to defendants convicted of attempted murder. For example, in *People v. Lopez, supra*, 38 Cal.App.5th 1087, Division Seven of the Second Appellate District concluded SB 1437 does not apply to attempted murder, because its statutory language is limited to murder. (*Lopez,* at pp. 1104−1105; see also *People v. Alaybue* (2020) 51 Cal.App.5th 207, ___ [264 Cal.Rptr.3d 876, 889–891]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 844, review granted July 29, 2020, S262184; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754−755, review granted November 26, 2019, S258234.)

A series of three cases, all from the Fifth Appellate District, take a different view but one ultimately not relevant to the present appeal. Those cases interpret SB 1437 as abrogating the natural and probable consequences doctrine as a theory of accomplice liability for attempted murder, but only if raised by direct appeal from the underlying judgment, not by way of a section 1170.95 petition. (*People v. Sanchez* (2020) 46 Cal.App.5th 637, 642−643, review granted June 10, 2020, S261768; *People v. Medrano* (2019) 42 Cal.App.5th 1001,

1016−1018, review granted March 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, 969−970, review granted February 26, 2020, S259983.) The dispute over whether SB 1437 applies to attempted murder cases on direct appeal will be resolved by our Supreme Court, but it is not relevant to the present appeal. All of the courts are in agreement that the remedy provided by section 1170.95 for defendants whose convictions have already become final applies only to defendants convicted of murder, not attempted murder.

A brief reference to 1170.95 proves the point as a matter of semantics. Section 1170.95 – in words as plain as can be – applies only to murder convictions: "A person convicted of *felony murder* or *murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated . . . ." (§ 1170.95, subd. (a), italics added.) (See *People v. Medrano, supra*, 42 Cal.App.5th at pp. 1016−1018; *People v. Larios, supra*, 42 Cal.App.5th at pp. 969−970; *People v. Munoz, supra*, 39 Cal.App.5th at p. 754; *People v. Lopez, supra*, 38 Cal.App.5th at pp. 1104−1105.)[5]

---

[5] In his opening brief, defendant recognizes the cases are in agreement on this point, but he responds only, "Appellant disagrees." In his reply brief, defendant expounds on this slightly, stating that he "urges this Court of Appeal to reconsider its position and to hold that the Legislature intended for section 1170.95 to apply to attempted murder convictions, that excluding persons convicted of attempted murder from obtaining relief under section 1170.95 violates federal and state equal protection, and that the Legislature necessarily intended to eliminate the natural and probable consequences theory of liability as a means of proving attempted murder." The argument that follows,

## 2.    *Defendant's Right to Counsel Argument is No Longer Viable*

In defendant's opening brief, he argues at length that the court erred in denying his section 1170.95 petition without first appointing counsel.  In his reply brief, he states that he "stands by" that argument "assuming Penal Code section 1170.95 provides relief to attempted murderers convicted under the natural and probable consequences doctrine."  As we have concluded section 1170.95 does not apply to defendants convicted of attempted murder, defendant's assumption for his right-to-counsel argument disappears.  We need not address it further.

## DISPOSITION

The order denying defendant's section 1170.95 resentencing petition is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR, J.

---

however, is that SB 1437 should be interpreted to reach attempted murder; defendant does not address the language of section 1170.95 at all.